## Pratt *versus* Patterson.

1. An action was commenced in the District Court; on the trial both parties testified; a verdict was rendered, which was set aside. The plaintiff discontinued the action and commenced another in the Supreme Court against the defendant for the same cause of action; the defendant afterwards died, and his executors were substituted. *Held*, that the plaintiff was not a competent witness, but the notes of his testimony taken on the former trial might be read.

2. The Act of April 15th 1869 is an enlarging not a restraining statute; it makes no evidence or witness incompetent that was competent before.

3. Notes of testimony are substantially a deposition, and evidence competent under the Act of 1869 is admissible as depositions under the Act of March 28th 1814.

4. Statutes providing for the perpetuation of evidence are in furtherance of justice and a due administration of law, and should receive a liberal construction.

5. On the trial an agent of a defendant testified that he had received a letter from plaintiff on their business; that he had searched for it but could not find it; no notice had been given to defendant to produce the letter. *Held* that a copy was not evidence.

6. Evans *v.* Reed, 28 P. F. Smith 415, followed.

February 15th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certificate from Nisi Prius: Of July Term 1870, No. 205.

This was an action of assumpsit brought July 11th 1870, by Dundas T. Pratt against George Patterson. After the case was at issue the death of defendant was suggested, and Lydia Patterson and Frederick Patterson, his executors, were substituted.

The action was for the recovery of commissions for the sale of real estate by the plaintiff for the decedent.

The case was tried March 12th 1874, before Mr. Justice WILLIAMS at Nisi Prius.

A suit had been previously brought between the same parties for the same cause of action in the District Court of Philadelphia. On the trial of that suit both parties testified; a verdict was rendered on that trial which was set aside; the suit was then discontinued and this action instituted.

[Pratt v. Patterson.]

On the trial of this action the plaintiff was offered as a witness. He was objected to by the defendants as incompetent, was rejected by the court and a bill of exceptions sealed.

Plaintiff then offered in evidence the notes of his testimony taken on that trial; this offer was objected to by the defendants, rejected by the court and a bill of exceptions sealed.

W. W. Harding testified, that wishing to purchase the property, he ascertained from plaintiff that he could effect a sale; plaintiff told him the price was $140,000 and that it was useless to try to get it for less; he offered the plaintiff $135,000 for it; he said if witness would give $140,000 he could get it; witness agreed to give that sum, the name of one his clerks to be used in the agreement, which was drawn for $140,000 and signed by the clerk. Witness did not wish to be known as the purchaser as he was desirous of purchasing an adjoining property; he was able and prepared to carry out the contract for $140,000.

Another witness testified that the plaintiff urged the decedent to take $135,000; that he refused and plaintiff then produced the agreement to sell for $140,000; decedent declined to sign the agreement, but said when the parties were ready to pay the money he would bring the deeds and papers; decedent said that plaintiff was to receive $1400 commission. Henry C. Townsend, Esq., had been the counsel of the decedent, but witness did not know whether he had been consulted in this matter; decedent made no objection to the price $140,000, nor to the amount to be secured on the property; nothing was said about Harding being the purchaser.

H. C. Townsend, Esq., testified that decedent had consulted him frequently about this property; he had prepared a paper containing brief terms of agreement for sale of the property; he had advised decedent to impose those terms on all purchasers in any contract he might make. Witness had received a letter from Mr. Miller, counsel for the plaintiff, which he could not find, of which he thought a paper shown him was a copy; he had received also a letter to him from plaintiff, of which one shown him was a copy; he had searched for it but could not find it; he said also that a letter shown him was one written by himself to Mr. Miller; he could not recollect whether it had been shown to decedent. Mr. Miller's letter was to him as counsel for decedent for whom he was then acting; witness told decedent the substance of his reply which decedent thought was right.

The plaintiff offered in evidence the copy of his letter to Mr. Townsend; it was objected to by defendants because no notice had been given to produce the original, rejected by the court and a bill of exceptions sealed.

The plaintiff offered to show by—Alexander that $500 were tendered to decedent, and what Patterson said about this transaction

[*Pratt v.* Patterson.]

when he made the tender, and that Mr. Patterson treated the witness roughly and turned him away, saying that Mr. Pratt had lied to him.

The defendants objected to the offer, it was rejected by the court a bill of exceptions sealed.

The "brief of terms of agreement" and the agreement offered to decedent were given in evidence; they contain nothing important to the case.    There was other oral evidence also.

The court directed a nonsuit and afterwards refused a motion to to take it off.

The plaintiff took a writ of error and assigned for error,

1. Refusing to permit the plaintiff to testify.

2. Excluding the notes of the testimony of the plaintiff in a former action between the same parties in the lifetime of the said George Patterson, which suit was about the same subject-matter, and in which said Patterson was also examined.

3. Refusing in evidence a copy of a letter from plaintiff to H. C. Townsend, who said he had searched for the original and could not find it, for the reason that no notice to produce the original of said letter had been given to the defendants.

4. Overruling the offer to show by Alexander that $500 were tendered to decedent, and what Patterson said about the transaction when he made the tender, and that Patterson treated witness roughly, and turned away, saying that Pratt had lied to him.

5, 6. Entering judgment of nonsuit against the plaintiff and refusing to take it off.

*I. Hazlehurst* and *E. S. Miller*, for plaintiff in error, as to second assignment, cited Evans *v.* Reed, 28 P. F. Smith 415; 1 Greenl. Evid., sec. 168; Act of March 28th 1814, sec. 1; 6 Sm. Laws 208; 1 Br. Purd. 625, pl. 24.

*T. Hart, Jr.*, for defendants in error.—A deposition of a witness disinterested when taken cannot be read if he afterwards becomes interested: Chess *v.* Chess, 17 S. & R. 409; Tilly's Case, Ld. Raymond 1009.    The plaintiff was not offered to prove any fact not in evidence; ordering a nonsuit therefore worked no injury and there should be no reversal even if his rejection was improper: Wright *v.* Wood, 11 Harris 120; Winsor *v.* Maddock, 14 P. F. Smith 231.    As to the rejection of the copy of plaintiff's letter he cited Milliken *v.* Barr, 7 Barr 23; Baldney *v.* Ritchie, 1 Starkie 338; Burton *v.* Payne, 2 Carr. & Payne 520; Taplin *v.* Atty, 3 Bingh. 164.

Mr. Justice MERCUR delivered the opinion of the court, May 8th 1876.

The plaintiff brought this suit to recover commissions as a real

[Pratt v. Patterson.]

estate broker. In a former suit between him and the testator, about the same subject-matter each party had testified and the testimony had been reduced to writing. The verdict in that case was set aside and the suit discontinued. This suit was afterwards brought between the same parties. Before the trial the defendant died and his executors were substituted. On the trial the notes of the plaintiff's testimony taken in the former suit were offered in evidence and rejected by the court. This is assigned for error.

The competency of this kind of evidence under similar circumstances, received a careful consideration in Evans's Adm'x v. Reed, 28 P. F. Smith 415. That case differed in this. There the notes of testimony of the deceased party were held admissible in the same suit in which they were taken; here the testimony is that of a surviving party, offered in a subsequent suit involving the same subject-matter against the executors of the deceased party. There it was said "if the deposition of a party be duly and regularly taken so as to be admissible in evidence in a pending case it is very clear that it would be admissible in a subsequent suit, between the administrators of the parties involving the same subject-matter." Here it is a subsequent suit, tried after the death of one of the parties, and involving the same subject-matter. The very case assumed there, substantially exists here. In each case the testimony was not only admissible when taken, but had actually been given in evidence. It must not be overlooked that the Act of 15th April 1869 is an enlarging, not a restraining act. It makes no witness nor evidence incompetent that was competent before its passage. Sheetz v. Norris, antea, p. 100.

The first section of the Act of 28th March 1814, Purd. Dig. 625, pl. 24, declares: "Any deposition taken or to be taken in any cause, which by the rules of law may be read in evidence on the trial of the cause in which it is or may be taken, shall be allowed to be read in evidence in any subsequent cause wherein the same matter shall be in dispute between the said parties or persons, their heirs, executors, administrators or assigns." The third section of the Act of 15th April 1869 authorizes the testimony of all witnesses made competent by that act to be taken "by deposition or commission issued as the case may require." In Evans's Adm'x v. Reed, supra, the notes of testimony are considered substantially as a deposition duly taken. Hence it was there held, evidence competent under the Act of 1869, when taken, is admissible under the Act of 1814.

This evidence was taken on due notice, with ample opportunity for cross-examination. It was not testimony that could have been fabricated after the death of the party whose interest might be injuriously affected thereby. When taken the parties stood on an equal footing. Each had the right to perpetuate his own testimony. Each availed himself of that right.

[Pratt *v.* Patterson.]

All statutes which provide for the perpetuation of evidence are in furtherance of justice and a due administration of the law. They should receive a liberal construction. This is not the case of the deposition of a person taken when he was not interested, but becomes so before it is offered in evidence. Here he was no more interested when his testimony was offered, than when it was first taken. His interest had remained unchanged. The second assignment is therefore sustained.

The offer to put the plaintiff on the stand to testify in regard to matters which occurred in the lifetime of the defendant, rests on a different basis, and there was no error in rejecting the witness.

The third assignment has no merit. If Townsend, as agent for the defendant, received and held the letter, notice to produce the original was necessary before a copy was admissible in evidence. If he was not such agent, the defendant could not be affected by the letter, inasmuch as, he had no knowledge of its contents.

The time when the tender was made, and what the defendant said material to the issue are not stated in the offer covered by the fourth assignment. It should be shown affirmatively, that the plaintiff was injured by the rejection of the evidence. We are unable to see any such effect.

We would not disturb the judgment of nonsuit on the evidence before the court; but by reason of the rejection of the notes of testimony the judgment must be reversed.

Judgment reversed and a *venire facias de novo* awarded.