Walbridge *versus* Knipper, Administrator.

1. Testimony when not perpetuated by depositions or preserved in notes of trial, may be proved by witnesses who were present at the trial and remember what was then testified to by the party since deceased or rendered incompetent by the death of his adversary.

2. This rule applies as well to testimony before arbitrators as in court, and it was error therefore to reject the testimony of arbitrators who testified in regard to a claim which came before them as arbitrators during the lifetime of a decedent who was then a defendant.

October 21st 1878.    Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ.   Woodward, J., absent.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1878, No. 52.

Assumpsit by C. H. Walbridge against Peter Knipper, administrator of Peter Wingerter, deceased.   This was an appeal from a board of arbitrators.

At the trial before Galbraith, P. J., the plaintiff made the following offer:

To prove what plaintiff testified concerning his claim attached to the declaration before the arbitrators in the lifetime of Peter Wingerter, the defendant, by the arbitrators' testimony.

The court refused, saying:

"This offer is rejected, it not appearing that the testimony was reduced to writing, nor that the defendant was present; therefore the offer is not within the decision in the case of Evans *v.* Reed, 28 P. F. Smith 415, or that of Pratt *v.* Patterson, 31 Id. 114."

Verdict for defendant, and after judgment thereon plaintiff took this writ, his first assignment of error being the rejection of the above offer.

*S. E. & T. S. Woodruff,* for plaintiff in error.—If the ruling of the court is sustained it would logically exclude every witness from testifying to anything he heard said about any matter in controversy, unless he had made and kept a memorandum of what was said at the time the words he is called to testify to were spoken. But the court below went further, and determined that the deceased party must have been personally present at the trial when his opponent testified, or else the testimony of the survivor cannot be proved.   This would reduce the supposed perpetuation of testimony to a nullity; for before the Act of 1869 it was always allowable to prove what either party said or swore to in the presence of the opposite party.

*G. A. Allen* and *L. Rosenzweig,* for defendant in error.—The statutes provide a method by which the evidence of a party com-

[Walbridge *v.* Knipper.]

petent to testify may be perpetuated.  Each party stands on an equal footing, and the courts have not gone so far as to say that the recollection of a man as to a person's evidence shall be admitted, when the same party fails to avail himself of the benefit of the statute.  The court below held that in order to admit the evidence offered as a declaration it must have been made in the presence of Wingerter, which does not in any manner conflict with the rule allowing either party to prove what the other said or swore to in the presence of the opposite party.

A re-argument was ordered on this first assignment of error.

*S. E. & T. S. Woodruff*, for plaintiff in error.—It was not necessary that Wingerter should be personally present at the trial: Starkie on Evidence, pp. 24, 25, and sect. 164.  Nor was it necessary that the testimony should be reduced to writing: Greenleaf's Evidence, sects. 163, 166.  In the case of Insurance Co. *v.* Johnson, 11 Harris 72, the testimony of a witness before arbitrators was permitted to be proved by another witness, he living out of the state, and no notes of his testimony before the arbitrators having been taken.

A witness may state the substance of what was sworn by a witness on a former trial: Conner *v.* Green, 10 S. & R. 14 ; Lightner *v.* Wike, 4 Id. 204.  When this court decided in Evans *v.* Reed, 24 P. F. Smith 415, that the judge's notes were evidence they decided, *a fortiori*, that the testimony of a witness, who remembers what was sworn to, is evidence.  The brief notes are but the shadow.  The substance is the testimony of the party who gave his testimony in the lifetime of his adversary, under the sanctions of a judicial oath, with full opportunity for cross-examination.  The Act of 1869 says that it shall be evidence.  When did it cease to be evidence ?  The case of Pratt *v.* Patterson, *supra*, determines that it does not cease to be evidence at the death of the opposite party.  Then the only question is as to the method of proving what the party did testify to in his lifetime.  This may be done according to Evans *v.* Reed, *supra*, by notes taken of his testimony.  They serve to refresh the memory of the witness or judge taking them, but are weaker or secondary evidence to that of the witness who can testify positively to what was sworn to.  Parol evidence is competent in Pennsylvania to alter or disprove writings of any kind, and why the hasty notes of the testimony of a witness, should be evidence, whilst that of the living witness who speaks from recollection is excluded is difficult to see.

*G. A. Allen* and *L. Rosenzweig*, for defendant in error.—In carrying out the true spirit and meaning of the proviso of the Act of 1869, the living have not been permitted thus far to testify against the rights of the dead, unless by deposition regularly taken

15 Norris—4

[Walbridge *v.* Knipper.]

during the lifetime of the parties, or what is equivalent thereto, notes of testimony so taken and authenticated as to give them the character of depositions.  In the case of Evans *v.* Reed, 28 P. F. Smith 417, the notes of testimony of the plaintiff, properly proven and authenticated, were treated as a deposition and as such his testimony was perpetuated under the provisions of the third section of the Act of 1869, and were made admissible under the provisions of the Act of March 28th 1814, and in Pratt *v.* Patterson, 31 P. F. Smith 114, the same doctrine is more explicitly set forth. This doctrine is again held in Zell *v.* Benjamin, Leg. Int., Oct. 3d 1879.  In the case of Allum's Ex'rs. *v.* Carroll's Administrators et al., 27 P. F. Smith 68, this court held that the testimony of McKenna given on the trial before arbitrators, could not be shown in a subsequent trial after the death of Carroll, one of the parties. This case is very like the one at bar, and two very potent reasons are given why the offer to prove what McKenna testified to before the arbitrators should have been rejected.  1st. Because it required the force and power of an Act of Assembly to make the deposition of a party evidence on the trial, and if it required an Act of Assembly in such case how could a much more inferior kind of testimony be admitted without an Act of Assembly so providing.  2d. Because if not excluded the equality intended to be preserved between parties by the provisions of the Act of 1869 would be destroyed.  The rule deducible from the cases then is that the testimony of a party to a suit after the death of one or both of the parties, can only be used and admitted in evidence, in the form of a deposition, as provided by the Act of Assembly, or that which is equivalent thereto, notes made a deposition by a proper authentication.

Mr. Justice STERRETT delivered the opinion of the court January 5th 1880.

It is well settled that the testimony of a witness, since deceased, may be reproduced on a subsequent trial between the same parties, in relation to the same subject-matter : Whart. on Ev., sect. 117 ; Greenleaf Evidence, sect. 163.  Nor is the rule restricted to deceased witnesses.  It applies equally to those who are non-residents of the state in which the trial takes place, and out of the jurisdiction of the court ; and also to those who have intermediately become insane (Emig *v.* Diehl, 26 P. F. Smith 359), or incompetent by reason of the decease of the opposite party since the former trial : Pratt *v.* Patterson, 31 P. F. Smith 114.  In Emig *v.* Diehl, *supra*, the present chief justice says : " It seems clear on principle that the deposition or testimony of a witness, formerly taken in the same cause, can be read in evidence on showing that he is sick or unable to attend, insane or in such a state of senility as to have lost his memory of the past, equally as where he is dead or out of the jurisdiction."

[Walbridge v. Knipper.]

If it appears that the witness was not sworn or that he testified *coram non judice*, or that the opposite party had not at least an opportunity of being present and cross-examining, whether he availed himself of the privilege or not, the testimony is not admissible. The rule applies as well where the witness testified before arbitrators as in court: McAdams's Ex'rs v. Stilwell, 1 Harris 90.

As to the mode of reproducing the testimony of such witnesses, it may be done by introducing their depositions, properly taken and authenticated, or notes of their testimony, the accuracy of which has been first shown, as in Pratt v. Patterson, *supra*, or by proving what they testified to on the former trial, by some person who heard them testify and remembers their testimony or the substance thereof: Magill v. Kauffman, 4 S. & R. 318.

If the testimony offered and rejected by the court below had been that of a stranger to the suit, since deceased, or not within the jurisdiction of the court, there can be no doubt that, under the uniform current of authority, it would have been perfectly competent. The fact that his testimony before the arbitrators had not been reduced to writing would not have been a valid objection; nor the additional circumstance that the defendant was not present and did not hear him testify, provided he had an opportunity of being present and neglected to avail himself of it. What difference can it make that the testimony offered was that of the plaintiff instead of the testimony of a stranger to the suit? It is impossible to point out any valid ground of distinction. As to competency, it was the purpose of the Act of 1869 to place the parties to an action on the same plane of equality with strangers, leaving the fact of their being parties in interest to go to their credibility. We have already held that it is competent for the surviving party to a suit to reproduce his own testimony, given on a former trial, when both were living and alike competent, by introducing his deposition or proving his testimony from notes of former trial, as well as for the personal representatives of a deceased party to introduce, in like manner, his testimony given on a former trial when both were living and competent to testify in person as other witnesses: Evans v. Reed, 28 P. F. Smith 415; Pratt v. Patterson, *supra*. The conclusion reached in these cases was the logical result of the application of well-settled principles of the law of evidence to the act allowing parties in interest to be witnesses. A proper application of the same principles requires us to hold that the testimony when not perpetuated by depositions or preserved in notes of trial, may be proved by witnesses who were present at the trial and remember what was then testified to by the party since deceased or rendered incompetent by the death of his adversary. Any other construction of the act would, in effect, be legislating into its provisions an exception or limitation that does not exist. What has been so well said by our brother MERCUR in the cases last cited, in relation to

[Walbridge *v.* Knipper.]

the spirit and purpose of the act, is so appropriate to the present case that further consideration of the question before us is rendered unnecessary. We think there was error in rejecting the testimony referred to in the first assignment.

The questions involved in the remaining six assignments of error were correctly ruled and require no further notice.

Judgment reversed, and a *venire facias de novo* awarded