## E. V. Jackson et al., Plffs. in Err., *v.* Theron Ferris (now deceased), Harriet N. Ferris et al.

Notes of testimony of a witness, since deceased, at a former trial in ejectment, are admissible in evidence as depositions.

The purchasers at a sheriff's sale, of the title of the defendant in real estate, cannot, in an action of ejectment for the land, attack a subsequent

NOTE.—The principle here recognized as to the admissibility of evidence of a deceased witness, taken at a former trial, is supported by the following cases: Evans v. Reed, 78 Pa. 415; Pratt v. Patterson, 81 Pa. 114; Walbridge v. Knipper, 96 Pa. 48; Zell v. Benjamin, 1 Walk. (Pa.) 113. And the same is true in criminal proceedings. Brown v. Com. 73 Pa. 321, 13 Am. Rep. 740. Even though the testimony was taken at a preliminary hearing held by the commonwealth, such having been waived by the defendant. Com. v. Keck, 148 Pa. 639, 24 Atl. 161.

conveyance to the wife of the defendant by a vendee of the defendant in a conveyance prior to the sheriff's sale, the latter conveyance not having been attacked.

.(Decided March 7, 1887.)

July Term, 1886, No. 96, E. D. Error to the Common Pleas of Lackawanna County to review a judgment on a verdict for the defendants in an action of ejectment. Affirmed.

This was an action by E. V. Jackson and Ira M. Kirkendall against Theron Ferris, Harriet N. Ferris, Fremont Ferris, Lillian Ferris, and Edward Frear and Emma, his wife, in right of said wife.

At the trial before ARCHBALD, J., testimony was offered which tended to establish the following facts:

From 1870 to 1875, Theron Ferris, the owner of the land in question, having become somewhat involved in debt, made a bargain with William Ferris, his uncle, to take the property off his hands and pay the judgments against it. The debts were somewhat more than the value of the land, and Theron turned over with it some notes due him to make up the difference. He made a deed for the real estate May 1, 1875, which it seems was not recorded until 1877. A part of the agreement was that he was to occupy a portion of the property for three years as the tenant of William. The rest of it was taken in possession by William at once. Two of the judgments against the land were in favor of Harriet Ferris, Theron's wife, for money received from her father's estate and loaned to Theron.

In 1876 Henry Labar recovered a judgment against Theron Ferris for $15. In 1877 a fi. fa. was issued on Labar's judgment, and the property was sold to I. M. Kirkendall, deputy sheriff, and E. V. Jackson, attorney for the sheriff. An action in ejectment was brought to No. 78, January term, 1878, in the common pleas of Luzerne county. It was arbitrated by the plaintiff and an award made in favor of the defendants, from which no appeal was ever taken. The present action was brought December 1, 1880. It was also arbitrated by the plaintiffs, an award made in favor of the defendants, and an appeal taken. Theron Ferris died May 26, 1882; William had died prior to that date. The widow held the property by purchase from William Ferris, and had paid all or nearly all the purchase money to his estate.

The court admitted under objection the deed from the heirs of William Ferris to Harriet N. Ferris, dated June 17, 1882, without first showing that the purchase was made with her own money independent of the estate of her husband. First assignment of error.

The court admitted, under objection, the notes of evidence of Theron Ferris taken before arbitrators, William Ferris being now dead. Second assignment of error.

Counsel for plaintiff proposed to prove that the administrator of the estate of William Ferris found a contract dated in June, 1878, from William Ferris to Harriet N. Ferris, for the land described and in dispute, for the purpose of showing that this property was bought on credit during coverture by Harriet N. Ferris, to be followed by evidence that the payment made on the property was obtained from the Midland Railroad Company for damages in running through this particular property and that was the consideration mentioned in the deed of 1882 from the heirs of William Ferris to Harriet N. Ferris.

Rejected. Third assignment of error.

Counsel for plaintiff offered to prove this contract of June 24, 1878, between William Ferris and Harriet N. Ferris, the defendant; that it was given on time, four years' credit; that the understanding and agreement was between William Ferris and Mr. Barber, who acted as agent for Mrs. Ferris; that upon payment of this judgment or claim, which he claimed, of $1,500 and the interest thereon, the deed should be made to Harriet N. Ferris, the defendant, for the same property, upon the payment of $1,540, and in pursuance of that the deed was given, and that subsequently $1,500 or thereabouts, procured from the railroad company for damage done to the real estate of Theron Ferris, passed through the hands of the administrators of William Ferris, which was accepted as far as that went in liquidation of this purchase money mentioned in the contract; to be followed by evidence that the judgment was kept revived for $1,543.65 until after the death of Theron Ferris; to be followed by evidence showing that the property had always been assessed to Theron Ferris up to the time of his death, that there was no change of possession during the time he occupied it between the date of deed, May 1, 1875, and his death, nor any payment of rent, and that Harriet N. Ferris gave her judgment for the balance of the

purchase money at the time of obtaining the deed after the deduction of this $1,500.

Rejected. Fourth assignment of error.

The court directed a verdict for defendants. Fifth assignment of error.

The following opinion, on motion for new trial, was filed by ARCHBALD, J.:

"There was nothing shown to attack the consideration of the deed from Theron Ferris to William Ferris made prior to sheriff's sale. The sheriff's vendee only acquired the right to attack that transfer of title as fraudulent. If successfully attacked, Harriet Ferris' title would fall with it; otherwise, her title is protected by it. The principle put forward by plaintiffs' counsel that a purchase by a married woman upon credit without a separate estate inures to the benefit of her husband so as to be subject to the claims of his creditors ·is undoubted, but inapplicable to invoke this principle successfully. Plaintiffs must attack that title by a levy and sale of the property as the husband's. This has not been done. The rule for new trial is discharged."

*J. M. C. Ranch,* for plaintiffs in error.—The admission in evidence of the deed of June 17, 1882, was error, as there was no evidence of Mrs. Ferris ever having any estate whatever independent of her husband; and wherever a married woman claims real estate, and the title is attacked by her husband's creditors, the burden is upon her to show how she acquired it.

Her evidence must be clear and satisfactory. Kingsbury v. Davidson, 112 Pa. 380, 4 Atl. 33.

The notes of evidence of Theron Ferris should have been rejected, he being dead, having been taken in the lifetime of William Ferris, who has since died. Proximity or remoteness of the deceased grantor is of no consequence, for the true inquiry is: Has death sealed the lips of one party to a transaction of which both had knowledge? Miller, Competency of Witnesses, p. 118.

Where there is sufficient testimony to warrant a verdict, if believed, the case must be submitted to the jury. Abraham v. Mitchell, 112 Pa. 230, 56 Am. Rep. 312, 3 Atl. 830.

There was sufficient evidence from which the facts as set forth in third and fourth specifications could be inferred; they should

have been submitted to the jury.　Codding v. Wood, 112 Pa.
371, 3 Atl. 455.

This was a security, notwithstanding an absolute deed on its
face.　Kunkle v. Wolfersberger, 6 Watts, 126; Hamet v. Dun-
dass, 4 Pa. 178; Kellum v. Smith, 33 Pa. 158; DeFrance v.
DeFrance, 34 Pa. 385; Haines v. Thomson, 70 Pa. 435.

A general possession of land is sufficient notice of the title of
the possessor.　Jaques v. Weeks, 7 Watts, 261.

*H. M. Hannah,* for defendants in error.—The testimony of a
deceased witness who has been sworn on a former trial may be
proved by notes.　New York Union Mut. Ins. Co. v. Johnson,
23 Pa. 72; Moore v. Pearson, 6 Watts & S. 51; Jones v. Wood,
16 Pa. 25; Pratt v. Patterson, 81 Pa. 114.

But further; this was an action of ejectment, and the rule
excluding witnesses is not applicable to it.　Fross's Appeal, 15
W. N. C. 543; Warren v. Steer, 112 Pa. 634, 5 Atl. 4.

PER CURIAM:

There was no error committed in the admission of evidence
(Pratt v. Patterson, 81 Pa. 114), nor in rejecting the evidence
offered by the plaintiffs.　The specific evidence offered was not
admissible in itself; and the offer to follow it by other evidence,
in no manner connected therewith and never offered by itself,
did not help the plaintiff's case.

The case is one mainly of fact, and as all the evidence failed
to prove the fact alleged, the case was properly ruled by the
court.

Judgment affirmed.