# Wolfe *v.* Scott, Appellant.

*Evidence—Witness—Objection to offer—Competency of witness —Offer good in part.*

1. Where an offer of evidence is broad enough to cover, not only the matters proposed to be proven by the witness, but also elements to be established by other evidence, a general objection to the offer is premature and should be overruled, if the witness is competent to testify to at least a portion of the matters included in the offer.

*Evidence—Witness—Party dead—Competency of witness—Act of May 23, 1887, P. L. 158—Proof of testimony given at previous proceeding.*

2. To effect a disqualification of a party as a witness under the Act of May 23, 1887, P. L. 158, it must appear that the rights of the party dead have passed to the other party on the record who represents his interest.

3. Where no stenographic notes were taken at a bankruptcy hearing, it is competent to prove what a witness said at such hearing by any person who heard him testify.

*Appeals—Assignments of error—Evidence—Quoting—Charge— Transcribing and filing—Exception.*

4. An assignment of error to a ruling on evidence is improper, if it fails to quote verbatim the offer objected to, and contains merely a summary stated in the language of counsel.

5. An assignment of error to a ruling on evidence is improper if it fails to include the question put to the witness.

6. An assignment of error is improper, if it complains of the refusal to strike out evidence, not quoted, but the substance of which is given in language of counsel.

7. An assignment of error to an excerpt from the charge will not be considered where it fails to show an exception taken, and the record fails to show that a motion was made that the charge be transcribed and filed.

Argued September 27, 1922. Appeal, No. 3, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1918, No. 16, on verdict for plaintiff, in case of George E. Wolfe v. T. J. Scott. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Issue to determine validity of judgment. Before REED, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various rulings and instructions, sufficiently appearing by the opinion of the Supreme Court.

*Donald E. Dufton,* for appellant.—Fraud is never presumed but must be affirmatively proved: Jones v. Lewis, 148 Pa. 234; Thompson v. Lee, 3 W. & S. 479; Snayberger v. Fahl, 195 Pa. 336; Pocono Springs Water Ice Co., v. Ice Co., 214 Pa. 640.

*Philip N. Shettig,* with him *A. Lloyd Adams,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 3, 1923:

Plaintiff presented a petition in the court below for an issue to determine whether or not a judgment note made by Cornelius Mooney, in favor of defendant, was given collusively, without consideration, and with intent to defraud creditors of the makers of the obligation. An issue was awarded and on trial the jury found the existence of fraud and defendant appealed from judgment entered on the verdict.

It appears from the evidence that Grace Mooney borrowed $3,600 from the First National Bank of Johnstown, giving her note as security, which was renewed several times previous to her death. Subsequently her two sons, James and Cornelius, her sole heirs, renewed the obligation from time to time by giving their joint note, until the bank, desiring to carry it no longer, assigned the paper to the present plaintiff; thereafter, on December 5, 1916, the makers executed to Lim, in place of the assigned note, a new judgment obligation in the

sum of $3,685.69, payable in thirty days. On behalf of plaintiff there is evidence this last note was given with the express understanding that the Mooneys would, within a short time, sell the real estate inherited from their mother and out of the proceeds pay this indebtedness and that, in reliance upon these statements, plaintiff refrained from procuring a lien against the property of the makers by entering judgment on the note. On December 19, 1916, Cornelius Mooney conveyed to James his share in the property inherited from their mother; on the same day James Mooney, without consideration, conveyed the entire property to defendant; and, on January 4, 1917, Cornelius executed and delivered to defendant, without consideration, a judgment note in the sum of $1,815, which was promptly entered of record and became a lien on the real estate of the maker. Plaintiff at once entered judgment on his note and presented the petition in this case for a rule to show cause why an issue should not be awarded to determine whether the note given defendant was collusive and made with intent to defraud creditors.

The first assignment of error complains of the action of the trial judge in overruling an objection by defendant to plaintiff's offer of proof, the objection being that the offer included matters not material to the issue and also occurrences to which the witness would be incompetent to testify. The offer was broad in its scope, covering not only the matters proposed to be proven by the witness then on the stand, but also elements to be established by other evidence. We cannot assume the evidence to be subsequently produced would prove incompetent for the purpose stated, and, as the witness then on the stand was competent to testify to at least a portion of the matters included in the offer, the objection was premature and properly overruled. It may be observed further that the assignment is not in proper form. Instead of quoting the offer objected to, it contains merely a summary stated in the language of counsel. It also fails to include the exception taken and the ruling

of the court. In no respect does it comply with our rules, which require the offer to be quoted verbatim and the objection and ruling of the court to be set forth in full: Gish v. Brown, 171 Pa. 479; Sheridan v. Abattoir Co., 214 Pa. 115.

The second assignment relates to the competency of plaintiff to testify to statements made by the Mooneys at the time the note was executed and delivered to plaintiff, with respect to their intention to sell the property; Cornelius Mooney having died in the meantime but before the trial of the present issue. Although plaintiff is a surviving party to that transaction this alone fails to disqualify him as a witness under the Act of May 23, 1887, P. L. 158. To effect a disqualification under the statute it must also appear that the rights of the deceased have passed to the other party on the record who represents his interest: Duffield v. Hue, 129 Pa. 94, 106, 107; Royer v. Boro., 171 Pa. 429, 435; Power v. Grogan, 232 Pa. 387, 398. This condition is not present here, as defendant is claiming in his own right under a judgment on a note obtained in an entirely different transaction and not representing the rights of Cornelius Mooney. Both plaintiff and defendant are in the position of claimants against the estate of Cornelius Mooney and, so far as the estate is concerned, we find no denial that the money is owing; consequently, the estate is not an interested party within the meaning of the act and there are no rights of the deceased represented by a party to the present record: Allen's Est., 207 Pa. 325.

The third and fourth assignments of error do not comply with our rules in that they fail to include the question put to the witness. However, the question attempted to be raised is similar to that covered by the fifth assignment, which is in proper form. A witness was asked to state the testimony given by James Mooney in a bankruptcy proceeding relative to the transfer of the property and the giving of the notes by Cornelius. It being shown that no stenographic notes were taken at

the hearing, it was, accordingly, competent to prove the testimony by any person who heard it given: Walbridge v. Knipper, 96 Pa. 48.

With respect to assignments six to thirteen, inclusive, not one is in proper form. Several merely give in language of counsel the substance of testimony claimed to have been wrongfully admitted by the court below; others quote the answers but not the questions propounded to the witnesses; while others complain of the refusal to strike out evidence not quoted but the substance of which is given in the language of counsel. For these reasons we need not discuss the assignments last mentioned.

The thirteenth assignment complains of and quotes an extract from the charge but fails to show an exception taken, nor was there a motion made by defendant that the charge be transcribed and filed as part of the record in the case: Ward v. Babbitt, 270 Pa. 370; Duff v. Hamlin, 272 Pa. 245.

Notwithstanding the defects in the assignments, we have considered the questions attempted to be raised therein and find no ground for reversal.

The judgment is affirmed.