Gumbes Estate.

Argued October 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*John M. Smith, Jr.,* for appellant.

*Edward M. David,* with him *Paul A. Davis, 4th,* and *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY HIRT, J., November 12, 1952:

Susan Vaux Gumbes lived with her husband Charles W. Gumbes in a house owned by her in Oaks, Upper Providence Township, Montgomery County. She died testate on April 1, 1949. and The Pennsylvania Company for Banking and Trusts qualified as executor of

her estate. There were many articles of furniture, china, silverware and the like, in her house which came into the possession of her husband Charles W. Gumbes on her death. It is not denied that her executor made a demand upon him during his lifetime for the surrender of certain of the articles claimed as her separate property, but the demand was refused. A similar demand was made upon Rebecca Gumbes Whitemarsh and her husband who continued in possession of the house and its contents after the death of Charles W. Gumbes. They too refused to honor the demand of the executor of the estate of Susan Vaux Gumbes for the surrender of any of the personal property on the premises.

Charles W. Gumbes died testate on October 8, 1950 and Rebecca Gumbes Whitemarsh qualified as executrix of his estate. On June 1, 1951 the Pennsylvania Company as executor petitioned the lower court for a citation directed to the executrix of Charles W. Gumbes' estate to show cause why certain personal property described in a schedule attached to the petition should not be delivered to petitioner as the property of the estate of Susan Vaux Gumbes. In answer to the petition Rebecca Gumbes Whitemarsh, as executrix, averred that the articles claimed by petitioner were either the separate property of Charles W. Gumbes or were owned by him and his wife by entireties and that title to them vested in him on her death.

By her will, Susan Vaux Gumbes gave "all of my articles of household and personal use, ornament and adornment" to her sister Georgina Vaux Wetherill and to her brother Caleb Cresson. At the hearing in the court below they were the only witnesses called to substantiate the petitioner's claim. An inventory had been made of the contents of the house by Charles W. Gumbes after the death of his wife. But these wit-

nesses were denied access to the house to refresh their recollection of the various articles of personal property and to assist them in identifying the items listed in the inventory. For this reason, perhaps, ownership in some of the articles claimed by petitioner as the property of Susan Vaux Gumbes could not be established. At the hearing the claim to 38 of the items was withdrawn. The court found that petitioner had failed to prove ownership of 4 items, and that 7 other articles had been owned by decedent and her husband by entireties. Respondent admitted that 12 items were the sole property of petitioner's decedent. And from the evidence the court found that 49 other items of personal property were the property of Susan Vaux Gumbes at the time of her death. In its order the court directed respondent to deliver to the petitioner the 61 items of property found to be the property of its decedent.

Of course the burden was on petitioner to establish title in the decedent to the 49 items of property involved in this appeal. This burden has been met. There was no presumption of ownership in Charles W. Gumbes from the fact that these articles were in the house where he continued to live until his death. Regardless of whether the common law rule referred to in *Chadwick Estate,* 154 Pa. Superior Ct. 157, 35 A. 2d 582 and *Matheny Estate,* 164 Pa. Superior Ct. 18, 63 A. 2d 477 is still valid in Pennsylvania (Cf. *Fine v. Fine,* 366 Pa. 227, 77 A. 2d 436) it has no application here because the decedent was the owner of the house and not her husband. Moreover the testimony of petitioner's witnesses was not objectionable because they were permitted to state categorically in response to a preliminary question that Susan Vaux Gumbes was the owner of each of the 49 items of property. This was a statement of a conclusion both of fact and

of law, but it ceased to be objectionable on that ground when in each instance the witness related supporting facts, though in some instances on cross examination, which established ownership. Cf. 20 Am. Jur., Evidence, §772.

Finally, there is no merit in appellant's contention, in the light of the facts, that the petition for citation should have been dismissed in its entirety for the reason alleged that Georgina Vaux Wetherill and Caleb Cresson were rendered incompetent witnesses by the Act of May 23, 1887, P. L. 158, §5(e), 28 PS 322. Notwithstanding the 1887 Act, competency is still the rule and incompetency the exception. And witnesses are made incompetent by the Act only if three conditions imposed by its terms are satisfied: (1) A party "to a thing or contract in action" must be dead; (2) "his right thereto or therein" must have "passed . . . to a party on the record who represents his interest in the subject in controversy"; (3) the witness must be "any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . party". Here, under the proofs, the second condition has not been satisfied since Rebecca Gumbes Whitemarsh and her husband at the hearing below claimed in their own right by virtue of the alleged transfer of the property to them by Charles W. Gumbes under a written agreement in accordance with which they came to live with him after the death of his wife. In the writing offered in evidence by respondent the Whitemarshs agreed to care for Charles W. Gumbes and minister to his needs for the rest of his life and he in consideration for that service agreed "to turn over to [them] . . . all his property, assets and estate of any kind whatsoever absolutely". Thus there was a variance between the averment of respondent's answer and the defense inter-

posed. If the proofs had supported respondent's answer to the effect that Charles W. Gumbes at the time of his death, was the owner of the property in dispute, all who took under the will of either decedent would have been incompetent to testify. *Crosetti's Estate,* 211 Pa. 490, 60 A. 1081; *Matheny Estate,* supra. Title in him however was not established and accordingly the alleged transfer of the property in question to the Whitemarshs under the contract on which they relied, cannot be said to be prima facie valid under the circumstances. And it is only where the transfer of property, by one before his death, is prima facie valid that the donee represents the decedent on the record. Cf. *Katz, Admrx. v. Lockman,* 356 Pa. 196, 200, 51 A. 2d 619; Brown Pennsylvania Evidence 245. The witnesses in question therefore were not rendered incompetent although their interest was adverse to any right of Charles W. Gumbes, because in denying the claim of ownership asserted in the petition for the citation, Rebecca and Ross Whitemarsh claimed in their own right and in so doing, represented themselves and not the interests of his estate. To effect a disqualification under the statute it must appear that the rights of the deceased have passed to the other party on the record who represents his interest. *Broadrick v. Broadrick,* 25 Pa. Superior Ct. 225; *Wolfe v. Scott,* 275 Pa. 343, 346, 119 A. 468. Under the circumstances therefore the beneficiaries under the will of Susan Vaux Gumbes were competent witnesses to establish title to the property in her estate.

Order affirmed at appellant's costs.