# Commonwealth ex rel. St. Lawrence Borough v. Marinucci

*Charles M. Guthrie, Jr., Assistant District Attorney*, for Commonwealth.
*Peter F. Cianci*, for defendant.

SCHAEFFER, *J.*, August 23, 1979—Joseph Marinucci (hereinafter defendant), a resident of St. Lawrence Borough, Berks County, received a citation pursuant to St. Lawrence Borough Ordinance 67 of December 11, 1952, alleging that dogs owned by him were barking and causing discomfort to the community on November 26, 1977. Thereafter, a district justice of the peace found defendant guilty of violating Ordinance 67. An appeal was taken

from the summary conviction and, after a hearing before the court, defendant was found guilty. Defendant filed motions in arrest of judgment and for new trial. These motions have been briefed and argued and are before the court for consideration.

Defendant argues that the motion in arrest of judgment should be granted for the following reasons: (1) that defendant was improperly prosecuted under the borough ordinance; (2) that the evidence is insufficient to sustain the verdict because there is no evidence that defendant permitted the dogs to bark; and (3) that the evidence is also insufficient because there is no competent evidence that defendant owned the dogs.

Section 2(p) of Ordinance 67 provides: "It shall be unlawful and shall constitute a violation of the provisions of this Ordinance for any person, within the limits of the Borough of St. Lawrence: . . . [t]o own any dog or other animal, or fowl, and permit the same to run at large, or permit the same to emit disturbing noises or sounds of such frequent occurrence or nature as to annoy nearby residents, or as to cause and constitute a public nuisance."

Defendant first argues that Ordinance 67, insofar as it makes it unlawful for a person to permit any dog owned by him to emit disturbing noises, has been suspended pursuant to Pa.R.Crim.P. 51D because the same conduct is now proscribed by the Crimes Code of December 6, 1972, P.L. 1482, sec. 1, 18 Pa.C.S.A. §5503(a)(2), which provides the following: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: . . . makes unreasonable noise . . ."

In a case decided prior to the present Crimes Code: Com. v. Greene, 410 Pa. 111, 120, 189 A. 2d 141, 146 (1963), defendant therein was found

guilty in the lower court of disorderly conduct for having "'willfully *permitted* go-kart races *to be held*' on his premises." (Emphasis in original.) Similarly, defendant in the instant action argues that if an owner permits his dogs to bark and it is annoying to nearby residents, he is guilty of disorderly conduct. However, the Supreme Court in Greene reversed the lower court and discharged defendant, holding at page 119, 189 A. 2d at 146, that: "For a defendant to be guilty of the crime of disorderly conduct, he must have, of his own volition, committed a disorder or that, because of what he did, disorder followed in the wake of his conduct."

Although Greene was not interpreting section 5503(a)(2), the decision aids in interpreting the present law. Section 5503(a)(2) specifically states that "[a] person" is guilty of disorderly conduct if "he . . . makes unreasonable noise." As a result, to charge a person with disorderly conduct requires an allegation that the person has performed a positive act resulting in unreasonable noise. Section 2(p) of Ordinance 67 and section 5503(a)(2) of the Crimes Code each proscribe a different type of conduct, and we conclude that section 2(p) has not been suspended by Rule 51D.

Secondly, defendant argues that the written record is devoid of any evidence that he permitted the dogs to bark. An ordinance similar to Ordinance 67 was interpreted in Gannon v. Upper Merion Township, 16 Pa. Commonwealth Ct. 630, 330 A. 2d 537 (1975), wherein the court reversed the lower court's finding that defendant therein was guilty of permitting his dog to run at large because there was nothing in the record to support the conclusion that the defendant acquiesced in the dog's actions. In Gannon, the Commonwealth Court on page 633, 330

A. 2d at 539, cited the lower court's definition of "permit" which had been quoted from Black's Law Dictionary (Revised 4th Ed. 1968): "To suffer, allow, consent, let; to give leave or license; *to acquiesce by failure to prevent*, or to expressly assent or agree to the doing of an act." (Emphasis in original.) The Commonwealth Court concluded that actual intent to violate the ordinance was not necessary, but that evidence of acquiescence with regard to the dog's behavior was required.

Therefore, we conclude that a violation of St. Lawrence Borough Ordinance 67 requires a finding that defendant acquiesced in the annoying barking of dogs owned by him.

The court in the instant case instructed the parties to confine the evidence to that which happened on November 26, 1977, the date of the alleged offense. A review of the testimony adduced at the hearing reveals no direct evidence that defendant knowingly acquiesced in the dogs' behavior on that date. However, the record is replete with unobjected to testimony that the dogs had barked incessantly since placed in certain kennels; that the barking had been continuous for six months prior to November 26, 1977; that the barking was day and night; that the kennels were 50 feet from the Family Medical Center; that the kennels were on defendant's property; that defendant's residence is behind the Family Medical Center; and that defendant keeps the dogs. This evidence of continuous barking prior to November 26, 1977, sufficiently shows defendant's acquiescence in the dogs' barking on the date of the within offense.

Nevertheless, defendant's third argument that there is no competent evidence that defendant

owned the barking dogs is correct. One witness at the hearing, over defendant's objection, testified that the barking dogs were "dogs that belonged to Marinucci." The same witness, again over defendant's objection, responded affirmatively to the question: "Is the person who owns those dogs in the courtroom here today?" The witness' responses constitute conclusions of fact and of law, but such statements are not objectionable when supporting facts are given: Gumbes Estate, 172 Pa. Superior Ct. 59, 92 A. 2d 265 (1952). However, the witness did not give any facts in support of his conclusion that defendant owned the dogs. A second witness testified only that defendant "keep[s] dogs," and that she "assumed they are his dogs." There is no factual evidence in the record that defendant owned the barking dogs.

Since admission of that evidence which showed ownership was in error, the proper remedy is to grant the motion for a new trial and dismiss the motion in arrest of judgment.

Because of our ruling, there is no need to discuss any other argument in support of granting the motion for new trial.

ORDER

And now, August 23, 1979, it is hereby ordered that the motion for a new trial is granted and the rule to show cause issued thereon is made absolute, and that the motion in arrest of judgment is dismissed and the rule to show cause issued thereon is discharged.