In Re: Matter of Revocation of Restaurant Liquor License R-7792 etc. Rosemarie Mancini, Appellant.

438

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Jon C. Botula*, for appellant.

*Gary F. DiVito*, Counsel, with him *J. Leonard Langan*, Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, December 21, 1982:

Rosemarie Mancini, the holder of a restaurant liquor license, appeals from an order of the Court of Common Pleas of Allegheny County sustaining in part an order of the Liquor Control Board (LCB) and fining her $200.00 for selling liquor to a minor. The trial judge ruled that the notes of testimony of the minor given in the hearing before the LCB were admissible

at the hearing *de novo* conducted by the court at which the minor, invoking her privilege against self-incrimination, refused to testify.

The appellant licensee contests the trial judge's ruling that the notes of the minor's testimony were admissible at the court hearing, citing Section 5934 of the Judicial Code, 42 Pa. C. S. §5934, which provides pertinently:

> Whenever any person has been examined as a witness in any civil matter . . . if such witness afterwards . . . becomes incompetent to testify for any legally sufficient reason . . . properly proven notes of the examination of such witness shall be competent evidence in any civil issue.
> . . .

It is the appellant's thesis that although the minor invoked her privilege against self-incrimination and did not testify, she was nevertheless competent to testify, so that the statute making the notes competent evidence only where the witness is incompetent, must be read as making the notes of her testimony incompetent evidence. The licensee thus insists on a restrictive and limiting reading of the statute. In so doing she runs afoul of more than a hundred years of case law to the effect that Section 5934 and its predecessor enactments were not intended to limit the common law exception to the hearsay rule that the notes of testimony of a witness taken in a pending suit are admissible in a subsequent suit between the parties where the witness is unavailable or where, by reason of witness' interest or a claim of privilege, his testimony is unavailable.[1] 5 J. Wigmore, Evidence §1409 (Chadbourn rev. ed. 1974).

---

[1] A corrollary to the rule is that the party against whom the testimony is offered must have had an opportunity to be present and cross-examine when the testimony was given. The appellant here does not dispute that he had this opportunity.

Section 5934 of the Judicial Code is a reenactment of Section 9 of the Act of May 23, 1887, P.L. 89. The predecessor, in part, of the Act of 1887 was the Act of April 15, 1869, P.L. 31, permitting interested parties and persons to be witnesses and providing that their testimony might be perpetuated by deposition or commission, excepting, however, from its rule of admissibility the testimony of such witnesses when it shall be offered in suits against the personal representatives of a decedent.

One of the adjunct common law rules in the field was, and is, that the prior testimony of an unavailable witness might be introduced in a subsequent trial by means of the testimony of a person who heard the witness testify at the earlier trial and remembered the testimony or its substance. *Walbridge v. Knipper,* 96 Pa. 48 (1880). In *Walbridge,* the plaintiff offered to prove by a witness what he, the plaintiff, testified to at an earlier trial at which the testimony was not perpetuated. The defendant at the second proceeding, the personal representative of the original defendant, objected to the offer on the ground that the Act of 1869, having expressly provided for the perpetuation of the testimony of interested parties and witnesses, should be read as excluding proof of prior testimony by other means. The Supreme Court reversed, holding that the common law rule allowing proof of prior testimony by means of the testimony of a person who attended the first proceeding was applicable to the proof of testimony of a party, made admissible by the Act of 1869, although that Act provided for the taking of the deposition of the party. The Supreme Court wrote: "Any other construction of the act [of 1869] would, in effect, be legislating into its provisions an exception or limitation that does not exist." 96 Pa. at 51.

In *Pratt v. Patterson,* 81 Pa. 114 (1876), at a first trial of an action both parties testified but the verdict

was set aside and the case discontinued. A new action was instituted after which the defendant died and his executors substituted. The Supreme Court held that although the plaintiff was not a competent witness at the second trial the notes of his testimony at the first trial when he was competent, were admissible because in the first trial both parties having testified with opportunity for cross-examination and the testimony of both having been perpetuated, there was no reason why the notes of testimony of the plaintiff should not be admitted at the second trial. The court rejected the defendant's argument that the exception made in the Act of 1869 to the admissibility of the testimony of parties in the case of suits against personal representatives, should be read as placing a limitation on the common law rule, writing:

> All statutes which provide for the perpetuation of evidence are in furtherance of justice and a due administration of the law. They should receive a liberal construction.

81 Pa. at 118.

In *Galbraith v. Zimmerman,* 100 Pa. 374 (1882) in which the holding of *Pratt v. Patterson* was followed, the Supreme Court wrote that "[t]he test of present admissibility is the competency of the testimony at the time it was given." 100 Pa. at 376. In *Wells v. Insurance Co.,* 187 Pa. 166, 40 A. 802 (1898), decided under Section 9 of the Act of 1887, which as we have noted was materially identical to 42 Pa. C. S. §5934, the issue was that of whether the deposition of a doctor that the insured had died as the result of a criminal abortion taken prior to the enactment of a statute prohibiting the disclosure by a doctor of information derogatory to the character of a patient, was admissible at the trial of the case conducted after the enactment of the statute. The Supreme Court held that a deposition given when the doctor was competent was ad-

missible at the trial although he was then by statute incompetent. The Supreme Court at the end of its extensive consideration of the authorities, wrote:

> We see no further occasion for discussion. The cause of the subsequently accruing incompetency is not material. It may arise from absence, from sickness, from interest, from death or from a newly created statutory incompetency, but the principle controlling them all is that if at the time the deposition or testimony was taken, the witness was competent, it may be given in evidence after the incompetency has arisen. Such is the sense of all the modern decisions, and we think the conclusion is reasonable and just. It is almost needless to add that the Act of May 23, 1887, P.L. 158, sec 9, is in the same line with the cases cited, and indicates a settled policy applicable to this class of cases.

187 Pa. 173, 40 A. at 803.

In *Keim v. City of Reading*, 32 Pa. Superior Ct. 613 (1907), the issue again was that of whether the testimony of a witness who had died could be proved in a later proceeding by the testimony of a person who heard it all and remembered the prior testimony. The court held that the testimony was admissible and that Section 9 of the Act of 1887 "does not . . . abrogate this ancient, firmly established and useful rule of the common law. . . . Statutes are not presumed to make any change in the rules and principles of the common law beyond what is expressed in their provisions, or fairly implied in them, in order to give them full operation; rules of the common law are not to be changed by doubtful implication." 32 Pa. Superior Ct. at 619-620.

In *Commonwealth v. Rodgers*, 472 Pa. 435, 372 A.2d 771 (1977), the appellant, the defendant in a criminal case, contended that the admission at his trial

of the notes of the testimony of a co-participant in the alleged crime given at the appellant's preliminary hearing, the co-participant having invoked his privilege against self-incrimination at the trial, was error as not coming within any known exception to the hearsay rule. The Supreme Court held that the propriety of the admission of notes of testimony of a later unavailable witness taken at a preliminary hearing was well established at common law; that by the same common law rule the witness who invokes the privilege against self-incrimination is "unavailable" for purposes of the hearsay exception permitting the introduction of the notes of his testimony; and that the "true test of unavailability is the unavailability of the witness' testimony, not his or her person." 472 Pa. at 453, 372 A.2d at 779. The Supreme Court in *Rodgers,* also held that Section 3 of the Act of 1887 (now 42 Pa. C. S. §5917), which is that the criminal law counterpart of 42 Pa. C. S. §5934, although not applicable in that case, did not affect the common law rule permitting the admission of testimony from a preliminary hearing just as we, following the civil law precedents hereinbefore cited, decide that the common law rule that testimony given in an earlier proceeding is admissible in a later hearing is not affected by 42 Pa. C. S. §5934. 472 Pa. at 453 n. 7, 372 A.2d at 779 n. 7.

The appellant's further argument that the recorded testimony of the minor is inadmissible because the witness, the minor, was without counsel at the LCB hearing is of course without merit.

Order affirmed.

## ORDER

AND Now, this 21st day of December, 1982, the order of the Court of Common Pleas of Allegheny County dated August 28, 1981 is affirmed.