Carpenter, Appellant, *v.* United States Life Ins. Co.

*Life Insurance—Assignment of policy—Wagering contract.*

The absolute assignment of a policy of life insurance to one having no interest in the life of the insured, the assignor parting with all control over the policy, renders it a wagering contract as to such assignee, and he cannot recover thereon.

*Insurable interest in life of person in loco parentis.*

A young girl who is befriended through motives of benevolence and kindness by an elderly man, who sends her to school, and pays her expenses, and subsequently sends her to a commercial college to learn stenography and typewriting, where she remains until his death, has an insurable interest in the life of her benefactor.

In the above case, the deceased, four months before his death, took out a policy of insurance on his life in the sum of two thousand dollars, payable to himself. He paid the first annual premium. Thirteen days afterwards he assigned the policy in writing to the young girl whom he was befriending, sealed it in a package, and delivered it to her with the injunction not to open it until after his death. This injunction was obeyed. *Held* that the assignee of the policy was entitled to recover the amount of it from the insurance company.

*Evidence—Competency of witness—Party dead—Act of May 23, 1887.*

In such a case the assignee of the policy was not incompetent, under the act of May 23, 1887, § 5, clause *e*, P. L. 159, in a suit against the insurance company, to testify to facts showing the relation between herself and the assured in the latter's lifetime.

Argued March 14, 1894. Appeal, No. 385, Jan. T., 1894, by plaintiff, Adaline Carpenter, from judgment of C. P. Lycoming Co., Dec. T., 1893, entering nonsuit. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Assumpsit on policy of life insurance, assigned to plaintiff. Before ALBRIGHT, P. J., of the 31st district, specially presiding.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1, 2) rulings on evidence, quoting bills of exceptions and evidence, partly reviewed in the opinion of the Supreme Court; (3) refusal to take off nonsuit.

*H. W. Watson, W. S. McLean* with him for appellant.—A man may insure his own life, paying the premiums himself, for the benefit of another who had no insurable interest, and such a transaction is not a wagering policy : Scott v. Dickson, 108 Pa. 6 ; Overbeck v. Overbeck, 155 Pa. 6 ; Cunningham v. Smith, 70 Pa. 450 ; Elliott's Ap., 50 Pa. 75 ; Bliss on Life Insurance, p. 35, § 28 ; p. 40, § 30 ; 2 May on Insurance, c. 19, § 398*a*; 1 Ib. § 112 ; 1 Biddle on Ins. §§ 194, 268 ; 1 Phillips on Ins., p. 58 ; 2 Parsons on Cont., p. 479 ; Valton v. Nat. Life Fund Assurance, 20 N. Y. 32 ; Mut. Life Ins. Co. v. Alden, 130 Mass. 24.

One who has obtained a valid insurance upon his life may dispose of it as he sees fit, in the absence of prohibiting legislation or contract stipulation.   It is immaterial in such case that the assignee has no insurable interest: Eckel v. Renner, 41 Ohio Rep. 232; Clark's Admr. v. Allen, 11 R. I. 439; Valton v. Life Ins. Co., 20 N. Y. 32; St. Johns v. Life Ins. Co., 13 N. Y. 31; Ashley v. Ashley, 3 Simmons Ch. R. 149; Reynolds on Life Ins. 151; Bliss on Life Ins. 40; Schaefer v. Ins. Co., 94 U. S. 457; N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591; Anderson's Est., 85 Pa. 206; Hill v. United Life Ins. Asso., 154 Pa. 29.

We further argue that Adaline Carpenter is a competent witness in this case, and the court below erred in rejecting her testimony: Act of May 23, 1887, § 5, clause *e*, P. L. 159.

*C. LaRue Munson*, *S. J. Strauss* and *Addison Candor* with him, for appellee.—The assignment of a policy out and out to one having no insurable interest in the life insured (the assignor delivering the policy to the assignee and parting with its control) renders it a wagering contract as to such an assignee, who takes no title thereto and cannot recover thereon: Gilbert v. Moose, 104 Pa. 74; Meily v. Hershberger, 16 W. N. 186; Downey v. Hoffer, 110 Pa. 109; Ruth v. Katterman, 112 Pa. 251; Keystone M. B. Ass'n v. Norris, 115 Pa. 447; U. B. Mut. Aid Soc. v. McDonald, 122 Pa. 324; Vanormer v. Hornberger, 142 Pa. 579; Smith v. Steffy, 6 Lanc. L. R. 172; Brockway v. Insurance Co., 1 Kulp, 396; Corson's Ap., 113 Pa. 438.

That the intention of the parties is not the question, has been ruled in U. B. Mut. Aid Soc. v. McDonald, 122 Pa. 331.

In Scott v. Dickson, 108 Pa. 6, and Overbeck v. Overbeck, 155 Pa. 5, the insured kept the policy within his own possession and control.

In Cunningham v. Smith, 70 Pa. 450, the question was whether the assignment of the policy was absolute, or as collateral security.   In addition, defendants had an insurable interest.

In Elliott's Ap., 50 Pa. 75, the only questions decided were that an assignment of a policy by an insolvent debtor for the benefit of his wife is fraudulent as to his creditors; but that

she is entitled to the proceeds of a policy made payable to her on its face.

Anderson's Est., 85 Pa. 202, holds that where a husband insured his life in favor of his wife, whose death precedes his, the policy is payable to her estate.

In some of the states adjudications may be found opposed to those in Pennsylvania on this question; but, so far as we can discover, there has been no general variation from our well established doctrine. In many of the courts our rule has been upheld with great vigor. We cite a few of the cases: Warnock v. Davis, 104 U. S. 775; Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591; Ins. Co. v. Sturges, 18 Kansas, 93; Helmetag v. Miller, 76 Ala. 183; Franklin Ins. Co. v. Hazzard, 41 Ind. 116; Stevens v. Warren, 101 Mass. 564; Roller v. Moore, 86 Va. 512; Equitable Life v. Hazlewood, 75 Tex. 383.

Plaintiff was not competent to testify: DeCoursey v. Johnston, 134 Pa. 328; Karns v. Tanner, 66 Pa. 304; Duffield v. Hue, 129 Pa. 94; Parry v. Parry, 130 Pa. 95; Sutherland v. Ross, 140 Pa. 379; Arrott v. Way, 143 Pa. 435; Griggs v. Vermilya, 151 Pa. 429.

OPINION BY MR. JUSTICE DEAN, April 2, 1894:

Alanson B. Tyrell, a man about sixty years of age, living with his family near Wilkes-Barre, had in his house, as a domestic, a poor girl named Adaline Carpenter. So far as appears from the evidence, prompted solely by a benevolent and kindly disposition, this old man befriended this girl; sent her to school and paid her expenses; in return, she at times, for small wages, performed some services for him, such as keeping his books and copying his letters; he was a designer and builder of coal breakers, and seems to have had considerable business. On the 10th of December, 1892, he took out a policy of insurance on his life in the sum of $2,000, payable to himself, in the defendant company; he paid the first annual premium, $104.84. Thirteen days thereafter, on the 23d of the same month, he assigned the policy in writing to Adaline Carpenter, sealed it in a package and delivered it to her with the injunction not to open it until after his death. Notice of the assignment, as provided by the policy, was duly given the company, and, without objection, acknowledgment of the notice was made by in-

dorsement on a duplicate.   On April 1, 1893, Tyrell died. Adaline Carpenter inspected the package delivered to her, found in it the policy regularly assigned to her, made proper proof of the death of the insured, and demand for payment.   The company, on the ground that the policy was a wagering contract, refused payment.   Thereupon this suit was brought, and the learned judge of the court below, holding that, so far as concerned this plaintiff, the contract was a wagering contract and therefore void, nonsuited her, and from that judgment we have this appeal.

The judgment of the court below is based on Gilbert v. Moose, 104 Pa. 74; Meily v. Hershberger, 15 W. N. 186; Downey v. Hoffer, 110 Pa. 109, and that line of cases, which hold that the absolute assignment of a policy to one having no interest in the life of the insured, the assignor parting with all control over the policy, renders it a wagering contract as to such assignee, and he cannot recover thereon.

It seems to us, the learned judge's conclusion is not drawn from all the material facts, but only from a part of them.   At the trial, counsel on both sides admitted the following facts, which were put upon the record:

" Alanson B. Tyrell, after he had made the assignment of the policy in question to the plaintiff, placed the policy and the assignment and the receipt in an envelope, and sealed it, and inclosed it in a package, and delivered it to the plaintiff, and it has remained in her possession ever since, and, further, that at the time the papers in question were delivered to the plaintiff, she was not a creditor of the insured, nor a relative, nor connected by ties of blood or marriage, but only a friend of the insured."

The facts, as contained in this admission, were assumed to be all of the material facts bearing on the issue.   From them, it was inferred the plaintiff had no insurable interest in the life of Tyrell, and as he had, by the assignment and delivery of the policy, relinquished control over it, it was, under the authority of the line of cases already noticed, held to be a wagering contract.

But do all the facts of which there was evidence, when taken together, warrant the conclusion that this plaintiff had no insurable interest in the life of Tyrell?   If Tyrell, when she was

young, had taken this girl into his family, treated her as a member of it, reared and educated her, when she was of age had assisted her in getting remunerative employment, had watched over her and interested himself in her welfare, it could have been truthfully said he stood in the place of a parent to her; not by virtue of the legal relation of a child born to him in wedlock, or by adoption under our statute, but by his voluntary assumption of the paternal relation towards her with her consent. Without any legal obligation other than friend, he chose to assume all the burdens incident to this domestic relation of parent and child. His conduct and promises for years warranted her in believing the relation would continue while his life lasted. Having thus raised her from the humbler station in which he found her, he was continuing his kindness at the date the policy was assigned. For this offer, although rejected by the court as immaterial, must be taken as the fact. Plaintiff, among other facts, offers to prove: "That during the first two years of her acquaintance with the insured, she was a servant girl in his house, he being a married man with a family, and about sixty years of age; that, about the time she quit his service, he told her that she ought to educate herself, so that she might be fit to earn a living by keeping books and typewriting; that he then told her if she would go to a business college at Wilkes-Barre, he would pay her tuition; that she went to a business college, and was there several months and studied bookkeeping; that the insured paid her tuition there; that when she left the business college, the insured purchased for her a desk and chair, and secured her desk room in the office of Mr. Gunster, of Wilkes-Barre; that when in Mr. Gunster's office, she kept the insured's time-book, the insured being a builder of coal breakers and employing a large number of men; that for keeping said books the insured paid her at the rate of $20.00 per month; that she left the office of Mr. Gunster in February, 1893, and came to Williamsport for the purpose of entering Pott's Commercial College, to learn shorthand writing and typewriting; that the insured told her before she left Wilkes-Barre that he would pay her tuition at said college; that she entered said college and studied shorthand writing and typewriting, and the insured paid her tuition; that after she came to Williamsport she received several letters from S. W.

Tyrell, the son of the insured, informing her of his father's sickness, and that she also received two letters in the meantime from the insured, stating the fact of his sickness, and inquiring how she was getting along; that in response to said letters she went to the home of her father and mother in the borough of Edwardsville, near the home of the insured, and while there the insured died."

As this case stood upon the record, the plaintiff, as the assignee of the deceased, stood in his place, was his representative, so far as appears; she was making no claim adverse to the right of deceased or any representative of his right; the antagonist was the obligor in the policy; therefore she was not incompetent under clause *e*, section 5 of act of 1887. Her competency as a witness against some other representative of the deceased assignor could not be properly raised in this issue between these parties. Therefore the offer was material, the witness was competent, and the facts offered to be proven must be taken as proven. The court below, in the opinion refusing to take off the nonsuit, treats these facts as proven, but considers them wholly immaterial. We think, having in view these facts, as well as those admitted of record, the plaintiff had an insurable interest in the life of the deceased. It does not matter that this interest was one without legal obligation on part of the insured; it was a relation in every other respect parental; pecuniarily and otherwise he assumed a parent's part towards her and she was justified in expecting the continuance of it. The question in Gilbert v. Moose, supra, was as stated by this court in these words: " Can one having no interest in the life of the insured, and for the purpose of speculation only, acquire by assignment or otherwise such title to the policy as the law will enforce ? "

In Downey v. Hoffer, supra, this court assumes, with the court below, that the purchase by Downey was purely for a speculative purpose, and says: " The mischief resulting from a sale of the policy for purposes of speculating on human life is so contrary to the policy of the law, and so in conflict with the just principles of life insurance that it is unsafe to relax the rule that the holder of the policy must have some pecuniary interest in the life of the insured." And so with all the other cases cited by appellee where no recovery by the assignee

of a policy was permitted; in each, the holder of the policy was interested in the death, rather than in the life of the insured, and the policy was speculative. In the case before us, the plaintiff's interest was wholly in the life of the insured. From the facts, the benefit to her from his fatherly care and pecuniary aid would, in a very few years, have far more than equaled the $2,000 policy assigned to her. From the severance of this relation by death, she perhaps sustains a greater pecuniary loss than any of his children.

There may be an insurable interest not accompanied by kinship. Such interest implies a pecuniary interest present or prospective: Cook on Life Insurance, sec. 59. A moral obligation is sufficient to support it: Ferguson v. Mass. M. Ins. Co., 32 Hun, 306. A creditor has an insurable interest in the life of his debtor who has been discharged in bankruptcy. Says May on Insurance, sec. 107 : " The relationship seems to be of but little importance, except as tending to give rise to the circumstances which justify the expectation. Indeed, the doctrine of the latest of the Massachusetts cases before cited, is broad enough to cover a case where there is no relationship at all, save one perhaps of mere friendship, if the circumstances are such as to show that the loss of the insured life will probably result in pecuniary disadvantage to the person procuring the insurance." Here the plaintiff had nothing whatever to do with the procurement of the policy or its assignment; paid no part of the premium, and, so far as appears, never expected to pay any, for she was ignorant of its existence during the lifetime of the insured. She had substantial grounds for expecting decided pecuniary advantage from his life. Why then should the contract be termed speculative ? Her expectancy, except in the one feature, the absence of legal obligation to enforce it, was as well founded as that of a wife or creditor.

If a voluntary copartnership gives to each partner an insurable interest in the lives of the others; if the relation of superintendent or manager of a business concern gives to his employers an insurable interest in the life of the superintendent or manager, as is well settled, then the voluntary relation here gave to this plaintiff an insurable interest in the life of one who, in all pecuniary respects, occupied towards her the place of a parent, and the court below ought not to have held otherwise.

The judgment is reversed and a procedendo is awarded.