## J. Adam Cake, Exr., *v.* Jos. W. Cake, Appellant.

*Evidence—Competency of witness—Act of June 11, 1891.*

Where a plaintiff in a judgment is dead, and her title to the judgment has passed to her husband, the defendant is incompetent to testify in a proceeding to open a judgment as to matters occurring during the lifetime of the plaintiff.

Under the act of June 11, 1891, P. L. 287, the living witness whose testimony is to make competent the surviving or remaining party to the record must be called in the interest of, and by the party representing the right of the deceased. The calling of such a witness by the adversary was not within the contemplation of the act.

Argued May 21, 1894. Appeal, No. 66, July T., 1894, by defendant, Joseph W. Cake, from order of C. P. Northumberland Co., May T., 1891, No. 231, discharging rule to open judgment. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The following opinion was filed by SAVIDGE, P. J.:

" Judgment was entered by virtue of a confession in a judgment note dated April 13, 1881. As legatee of his wife, Minnie E., J. A. Cake is owner of the judgment and it has been marked to his use. Minnie E. Cake died in 1890 and the judgment was entered in 1891.

" The note was given to secure money borrowed by the defendant, in 1881, with which to purchase and have assigned to him three judgments of the Northumberland County National Bank v. Joseph W. Cake, deceased.

" It is alleged by defendant that these judgments were, in fact, purchased jointly by J. A. Cake and Joseph W. Cake, and that the assignment was taken in the name of the latter because the former was administrator of his father's estate ; that although the note was given to Minnie E. Cake, the money was furnished by J. A. Cake. That he was the real owner of the note, and therefore J. W. Cake was a competent witness ; that afterward it was paid, in part at least, by defendant receipting on his assigned judgment for certain purchase money due from J. A. Cake to the sheriff, under an arrangement between them

that the amount receipte l for was to be a credit on the Minnie E. Cake note ; that defendant deeded to said Minnie E. certain real estate in further payment of the note.

" If the testimony of the defendant could be considered, there are sufficient corroborating facts and circumstances to entitle him to have the judgment opened. Without his testimony there is not sufficient to overcome the note.

" [Beyond the testimony of Joseph W. Cake there is nothing to show that Minnie E. Cake did not furnish the money for this note or that the note did not belong to her.] [1]   It is true some of the money was paid by checks of J. A. Cake, but, when testifying as on cross-examination, he explains that this was a temporary loan to his wife who afterward repaid him. [The money therefor having been furnished by her, and the note on which judgment was entered having been, in fact, the property of Minnie E. Cake, and her rights therein having passed by will to J. A. Cake, who represents her upon the record, Joseph W. Cake, the other party, is incompetent to testify.] [2]

" [J. A. Cake was called by defendant as on cross-examination and while upon the stand, upon interrogation of his counsel, explained matters about which he had been cross-examined.] [3] It is contended that under the act of June 11, 1891, P. L. 287, this opened the door for the testimony of the defendant.

" [Certainly, the living witness whose testimony is to make competent the surviving or remaining party to the record must be called in the interest of and by the party representing the right of the deceased. The calling of such witness by the adversary could not have been in contemplation of the legislature. It was not the intention of that act to provide so sure and easy a method of removing the bar of incompetency. This being so, we think counsel for plaintiff had the right to interrogate J. A. Cake concerning such matters as were brought out in the cross-examination without changing the situation.] [3]

" [April 30, 1894, the rule to open the judgment is discharged, at costs of defendant, to which he excepts and bill sealed.] [4]

*Errors assigned* were (1–4) portions of opinion in brackets, quoting them; (5) in not making rule absolute.

*George B. Reimensnyder*, for appellant, cited: Act of May 23,

1887, § 5, clause e, P. L. 159; Keim et al. v. Taylor, 11 Pa. 163; Seitzinger v. Taylor, 11 Pa. 163; Steele v. Wisner, 141 Pa. 633; Greenl. Ev., 15th ed., p. 364, note 7; Stockwell v. Webster, 160 Pa. 473; McCauley v. Cremerieux, 132 Pa. 22; Schwartz v. Hersker, 140 Pa. 550.

P. A. Mahon and Lewis Dewart, for appellee, cited: Rogers. v. Fales, 5 Pa. 157; Keil v. Wolf, 7 Pa. 427; Kutz's Ap., 40 Pa. 95; Acts of March 23, 1881, P. L. 159; June 11, 1891, P. L. 288; Klopfer v. Ekis, 155 Pa. 42.

PER CURIAM, July 11, 1894:

This appeal is from the decree discharging the rule to show cause why the judgment should not be opened and the defendant let in to a defence. Our examination of the record has led us to the conclusion that there is nothing in either of the specifications of error that would justify a reversal. The learned president of the common pleas rightly held that Minnie E. Cake, the payee in the note and original plaintiff in the judgment, being dead, the defendant Joseph W. Cake is not a competent witness, and without his testimony there is not sufficient evidence to justify the court in making the rule to show cause etc. absolute. There is nothing in the case that requires discussion.

Decree affirmed and appeal dismissed with costs to be paid by appellant.