## Adaline B. Carpenter *v.* The United States Life Insurance Company of New York, Appellant.

*Insurance—Life insurance—Insurable interest—Person in loco parentis.*
A young woman who is befriended through motives of benevolence and kindness by an elderly man, who sends her to school, and pays her expenses, and subsequently sends her to a commercial college to learn stenography and typewriting, where she remains until his death, has an insurable interest in the life of her benefactor.

Argued March 18, 1896. Appeal, No. 164, Jan. T., 1896, by defendant, from judgment of C. P. Lycoming Co., Dec. T., 1893, No. 188, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before ALBRIGHT, P. J., of the 31st judicial district, specially presiding.

In Carpenter v. Ins. Co., 161 Pa. 9, the Supreme Court reversed a judgment of nonsuit in this case and awarded a procedendo. In addition to the facts developed at the first trial it appeared at the second trial that the plaintiff was over twenty-one years of age when she entered the family of Alanson B. Tyrrell as a domestic. Tyrrell and his wife were both about sixty-three years of age, and two of their children lived at home. The evidence for the defendant tended to show that Mrs. Tyrrell objected to expenditures made on the education of plaintiff.

The court charged in part as follows :

[A man might agree to occupy the position of father to a young person although his wife might be opposed to it; the opposition of the wife alone would not prevent Mr. Tyrrell from assuming the position of a parent to the plaintiff.] [1]

Defendant's points were among others as follows :

1. It having been admitted that the plaintiff was neither a creditor of the assured nor connected with him by ties of blood or marriage, and that the policy was assigned and ·delivered by the insured to the plaintiff, it is a wagering contract and contrary to the policy of the law, and the plaintiff is not entitled to recover. *Answer :* This point is negatived. [2]

2. The assignment of the policy having been made by the

insured to the plaintiff out and out, plaintiff having no insurable interest and the control of the policy by the assured having been parted with by actual delivery to the plaintiff at the time of the assignment the plaintiff is not entitled to recover. *Answer:* This point is negatived. [3]

3. It appearing from the undisputed evidence of the plaintiff that the attentions to the plaintiff by the deceased and accepted by her while she, the plaintiff, remained a servant in his family were of a character to excite disagreement between the deceased and his wife and to injure the peace of his family, the plaintiff being at that time of full age and not a child toward whom the parental relation would be likely to arise, the evidence fails to establish such parental relation assumed by the deceased toward the plaintiff, and there can be no recovery in this case. *Answer:* This point is negatived. Whether the parental relation existed is referred to the jury. [4]

4. A married man whose wife is living with him and in whose family an adult woman resides as a domestic servant cannot without the consent of the wife assume a parental relation toward such woman, and cannot by such actions as have been testified by the plaintiff give her an insurable interest in his life, and for that reason the plaintiff cannot recover. *Answer:* This point is negatived. [5]

5. A relation such as testified to by the plaintiff in this case begun while she was a domestic servant in the family of the deceased and continued after the plaintiff had left his house because of disagreement with his wife, such disagreement being because of plaintiff's relations with the deceased, is not a parental relation, nor a relation that gives an insurable interest in the life of the deceased, and therefore the plaintiff cannot recover. *Answer:* This point is negatived. [6]

6. It appearing from the evidence of the plaintiff herself, that until the time of the death of the assured he had paid all of her expenses, and paid in full her tuition until graduation from the shorthand school at Williamsport, and that in six months more she would have completed her education at a cost only of boarding—of about $100, and of clothing—not to exceed $50.00, and that she was the owner of a typewriter, desk and chair, which would be all the expense necessary for her to commence the business which she has testified the assured promised to assist

her in securing, except possibly $100 to pay her expenses until· she could acquire sufficient business to maintain herself, she has not shown a pecuniary interest equal to the amount of the policy in this case, and therefore in law was interested in the death rather than in the life of the assured,· and therefore she cannot recover.· *Answer:* This is negatived. [7]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* among others were (1–7) above instructions, quoting them.

*S. J. Strauss* and *C. Larue Munson*, *Addison Candor* with them, for appellant.—Unless the. quasi-parental relation set up by the plaintiff existed, she was not entitled to recover: Gilbert v. Moose, 104 Pa. 74; Meily v. Hershberger, 16 W. N. C. 186; Downey v. Hoffer, 110 Pa. 109; Keystone Assn. v. Spangler, 115 Pa. 447; U. B. Aid v. McDonald, 122 Pa. 324; Vanormer v. Hornberger, 142 Pa. 575.

A relation in loco parentis (depending upon proof of acts of kindness shown by the quasi-parent and not arising from express contract or actual adoption), in order to give an insurable interest in the life of the quasi-parent to the quasi-child must begin during that period of the beneficiary's life which precedes maturity–or full age, and if both parties survive must be continued afterwards: Corson's App., 113 Pa. 438; Reserve Mut. Co. v. Kane, 81 Pa. 154; Warnock v. Davis, 14 Otto, 775; Brady v. Ins. Co., 5 Kulp, 505; Stoner v. Line, 16 W. N. C. 186; U. B. Aid v. McDonald, 122 Pa. 324; Keystone Co. v. Beaverson, 16 W. N. C. 188; Lord v. Dall, 12 Mass. 115; Duffey v. Duffey, 44 Pa. 402; Douglas's App., 82 Pa. 169.

A married man living with his wife who manages his household cannot without the wife's co-operation or consent give to an adult woman who comes into his family as a domestic servant a quasi-parental interest in his life: Cooper v. Schaffer, 20 W. N. C. 123; Ulrich v. Reinoehl, 143 Pa. 238; Cammack v. Lewis, 15 Wall. 643.

*W. S. McLean* and *N. M. Edwards*, for appellee.

PER CURIAM, April 6, 1896:

The rulings of the learned president of the 31st judicial district, who specially presided at the trial of this case, appear to be in harmony with the opinion of this court when the case was here on former appeal: Carpenter, Apt., v. United States Life Insurance Co., 161 Pa. 9. There is nothing in the testimony introduced at the last trial that materially affects the controlling principles of the case as it was presented before. The record fails to disclose any error that would justify a reversal of the judgment; nor, do we think that either of the questions presented by the specifications of error requires discussion.

Judgment affirmed.