# First National Bank of Bloomsburg *v.* Gerli, Appellant.

*Evidence—Competency of witness—Party dead—Promissory note.*

1. In an action by a bank on a promissory note against the administrator of the indorser who was also the payee, the maker of the note who while cashier of the plaintiff had discounted the note and passed the proceeds to his own credit, although on the face of the note they should have been passed to the payee's credit, will not be permitted to give testimony, the effect of which would be to relieve himself from liability to the payee's estate.

2. Under clause e, sec. 5, of the Act of May 23, 1887, P. L. 158, it is the adverse interest of a witness and not his adverse testimony that disqualifies him.

3. Clause e, sec. 5, of the act does not render one incompetent who may be a surviving or remaining party to a thing or contract unless his interest is adverse to the right of a deceased party. Adverse interest existing at the time a witness is called to testify is the test of his competency.

Argued April 14, 1909. Appeal, No. 83, Jan. T., 1909, by defendant, from judgment of C. P. Columbia Co., Dec. T., 1908, No. 34, on verdict for plaintiff in case of The First National Bank of Bloomsburg v. Emanuel Gerli, Administrator C. T. A. of the Estate of Guiseppe Ratti, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Assumpsit on a promissory note. Before EVANS, P. J.

The note was as follows:

"BLOOMSBURG, PA., Aug. 7, 1906.
"No. 7,531.

"Four months after date I promise to pay to the order of

Joseph Ratti, $5,000, five thousand dollars, at the First National Bank of Bloomsburg, Pa.    Due December 7, 1906. Without defalcation, for value received.

Credit the drawer.

"(Signed)    E. F. CARPENTER.

"(Endorsed)
  "JOSEPH RATTI."

At the trial the plaintiff made the following offer:

Mr. Ikeler: I will make a general offer so as to get this matter upon the record.    Counsel for plaintiff propose to prove by the witness upon the stand that he is the maker of the note marked exhibit "A" and that Joseph Ratti indorsed the same in his own proper handwriting before maturity some time in the spring of 1906, at his residence in the town of Bloomsburg at the request of Mr. Carpenter, the witness; that Mr. Ratti was an Italian by birth; a man of large means, whose family and relatives resided in the kingdom of Italy; that he was accustomed to making frequent trips abroad, sometimes staying for a period of six months; that the note in suit was indorsed by Joseph Ratti on the day of his departure to New York city for the purpose of sailing to Italy to be gone a considerable time; that the witness did not at that time know the exact date when he might wish to use the note, which Mr. Ratti had indorsed, and for that reason at the time of this indorsement, the date of the note was left in blank with the full understanding of both Mr. Ratti and the witness that it should be dated whenever used and discounted for the benefit of Mr. Carpenter; that at the same time of the indorsement of the note Mr. Ratti agreed with and instructed Mr. Carpenter as cashier of the First National Bank that the note in question should not be protested, and that he thereupon instructed Mr. Carpenter to attach to the note, whenever he might present it for discount, a typewritten slip containing a waiver of protest and duly signed by Mr. Ratti.    We offer further to show that the witness and Mr. Ratti had had a large number of business transactions together and that at the times when Mr. Ratti was in Italy it was his custom to leave his various notes in the dif-

ferent banking institutions upon which he was maker or indorser in the hands of Mr. Carpenter, and to leave with him at the same time waivers of protest so that any and all notes upon which his name appeared, either as maker or indorser, might not be protested at maturity; that on August 7, 1906, the witness had the notes discounted at the First National Bank of Bloomsburg in the town of Bloomsburg, the plaintiff in this case, filling in the date at that time according to the understanding and agreement of Mr. Ratti, and at the same time that the note was discounted Mr. Carpenter as cashier attached thereto with brass clips the waiver of protest which had been signed by Mr. Ratti; that Mr. Ratti died in Italy October 26, 1906, before maturity of the note; and also to show that the note had not been paid by the witness, the maker. All of which evidence is offered for the purpose of explaining the postdating of the note in suit, and also to identify the slip of paper attached to the note as having been intended by Joseph Ratti to apply and refer to this identical paper; to show generally before the maturity of the note Joseph Ratti waived notice of nonpayment and protest thereon. All generally for the purpose of establishing the liability of the defendant in this case upon the note in suit.

Mr. Ikeler: It is conceded that the proceeds of this note were discounted by the plaintiff bank, and were placed to the credit of Mr. Carpenter on the books of the bank.

### DEFENDANT'S OBJECTION.

Mr. Harman: Counsel for the defendant object to the competency of the witness to testify to the acts or declarations of the decedent, Joseph Ratti, wherein witness acted for and represented the First National Bank, plaintiff, in this case. The incompetency being based upon the inability in the law of the witness to testify for the surviving or remaining party to the thing or contract in action, the other party to the same being dead. Further object to the competency of the witness to testify to the acts, matters and things as related in the offer, for the reason that the witness is disqualified and incompetent under clause "E" of sec. 5 of the witness act of 1887, on the

ground of having an adverse interest to the estate of the deceased indorser of the note.

Mr. Ikeler: I desire to make an addition to the offer, to further show by the witness on the stand that although Mr. Ratti did not sign the note under the words "credit the drawer," the note was drawn by Mr. Carpenter and that he requested Mr. Ratti to indorse the same, and Mr. Ratti did indorse it with the full understanding and knowledge and agreement that the proceeds of this note, when discounted, should go to the credit of E. F. Carpenter.

Mr. Harman: Counsel for the defendant further objects to the competency of the witness, E. F. Carpenter, to testify to any matter or thing in relation to the character of the paper in question, upon the well-known rule of law that parol testimony cannot ordinarily be attempted to vary or contradict the terms of the written instrument, especially as in this case. The payee and the indorser of the note in question is dead, and the witness cannot possibly be answered by the only other party to the paper.

The Court: We will overrule this objection, note an exception and seal a bill for the defendant. [1]

Verdict and judgment for plaintiff for $5,381.66. Defendant appealed.

*Error assigned* was (1) ruling on evidence, quoting the bill of exceptions.

*John G. Harman,* with him *Richard E. Dwight,* for appellant.—Carpenter was an incompetent witness: Foster v. Collner, 107 Pa. 305; Griffith v. Reford, 1 Rawle, 196.

*Fred Ikeler,* with him *Clinton Herring* and *Wm. C. Johnston,* for appellee, cited: Dickson v. McGraw, 151 Pa. 98; Pattison v. Cobb, 212 Pa. 572; Horne v. Petty, 192 Pa. 32; Steiner v. Erie Dime Savings & Loan Co., 98 Pa. 591; Lacock v. Com., 99 Pa. 207.

OPINION BY MR. JUSTICE BROWN, June 22, 1909:

Plaintiff's right to recover depends upon the testimony of

E. F. Carpenter, and on this appeal the controlling question
is his competency to testify to the facts about to be stated.
He and Ratti, for some time prior to the latter's death in
October, 1906, had been friends and associates in business.
In the spring of that year, as Ratti was about to start on a
trip to Italy, he endorsed the note in suit for the benefit of
Carpenter, the maker, who was then the cashier of the bank.
When Ratti delivered the note to Carpenter the date in it
was left blank, to be inserted whenever Carpenter might need
the money.  On August 7, 1906, the note, with that date in-
serted, was discounted by the bank and the proceeds credited
to Carpenter.  When Ratti indorsed the note he authorized
Carpenter to attach to it a waiver of protest, as it might fall
due before his return from Italy.  This waiver was identical
in form with others which Ratti had left with Carpenter for the
purpose of avoiding protest of notes upon which he was in-
dorser, if they should mature during his absence.  When the
note was discounted Carpenter fastened the waiver of protest
to it.

At the time of the trial—February 8, 1909—Carpenter had
no connection with the bank.  A year before he had resigned
as cashier and disposed of all his stock in the institution.  He
was, therefore, not incompetent as a witness on the ground of
having any interest in the judgment that the bank might re-
cover against Ratti's estate; but was he competent under
clause e, sec. 5, of the Act of May 23, 1887, P. L. 158, which
provides that where any party to a thing or contract in action
is dead and his right thereto or therein has passed either by
his own act or by the act of the law to a party on the record
who represents his interest in the subject in controversy, no
surviving or remaining party to such thing or contract, or
any other person whose interest shall be adverse to the said
right of such deceased, shall be a competent witness to any-
thing occurring before the death of said party?  This clause
does not render one incompetent who may be a surviving or re-
maining party to a thing or contract unless his interest is ad-
verse to the right of the deceased.  "The disqualification is
made to depend not only on the fact of being a 'remaining

party,' but having an 'adverse interest:'" Dickson v. McGraw
Bros., 151 Pa. 98. Adverse interest existing at the time a wit-
ness is called to testify is the test of his competency, for by
sec. 6 of the act one incompetent under clause e of sec. 5 may
become competent by a release or extinguishment in good faith
of his interest. It is the adverse interest of the witness, and
not his adverse testimony, that disqualifies him: Horne & Co.
v. Petty, 192 Pa. 32.

From the note itself it is clear that Ratti's indorsement was
not for the accommodation of Carpenter. Under the words
"credit the drawer," appearing on its face, the indorser's sig-
nature is omitted, and the instrument, without parol testimony
to vary it, is an absolute promise of Carpenter to pay Ratti
$5,000 for value received. At the time he says Ratti delivered
the note to him Carpenter was the cashier of the bank, and the
presumption would be that when the note was discounted it
was for the benefit of Ratti, and that the proceeds ought to
have gone to his credit. The effect of Carpenter's testimony
is to wipe out his obligation to pay Ratti and turn it into a
paper bearing the accommodation indorsement of the payee
for his benefit. If the judgment on this verdict, procured on
his testimony, is to stand, he will be permitted to retain the
proceeds of the note, which, from the face of it, he ought not
to have received, and, though Ratti's estate may recover
from him the amount of the judgment against it in this suit
it will still sustain a loss of $5,000, if the indorsement was not
for the accommodation of Carpenter, for it will not be able to
recover the proceeds of the note either from the bank or him.
As his testimony made the indorsement one for his accommo-
dation and relieved him from liability to pay Ratti's estate
$5,000, which he promised to pay, for value received, he was,
at the time of the trial, a witness having an interest adverse
to the right of the deceased. If it were conceded by the ap-
pellant that Ratti's indorsement was for Carpenter's ac-
commodation, or that the proceeds of the note had been
credited or paid to Ratti, Carpenter would not be a witness
having an interest adverse to a right of the deceased, for,
though fixing the liability of his indorser's estate by his

testimony, he would at the same time admit his own to the estate, if it should be compelled to pay the note.

The first assignment of error is sustained and the judgment reversed with a venire facias de novo.