448 A.2d 5

**Edward C. McALLONIS, D.M.D.**

**v.**

**Nancy S. PRYOR, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1982.

Filed June 18, 1982.

Reargument Denied Aug. 6, 1982.

Nancy S. Pryor, appellant, in pro. per.

John King Heisey, Pittsburgh, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

PER CURIAM:

Appellant appeals from the Order dated March 6, 1981, quashing nunc pro tunc Appellant's Writ of Execution for costs, issued upon a judgment of non pros.

The record indicates that Appellee brought an assumpsit action before a magistrate against Appellant, his patient, for dental work allegedly performed. Appellant filed a separate claim, before the same magistrate, for personal injuries in the amount of $2,000. The claims were both decided in favor of Appellee. Appellant appealed each judgment separately; the instant appeal concerns the assumpsit action originally brought by Appellee. Appellee was ruled to file a complaint in the instant case, and after failing to do so, Appellant praeciped for a judgment of non pros which was entered January 7, 1981. Thereafter, Appellant obtained a Writ of Execution against Appellee for docketed costs which was filed with the sheriff. Appellee paid the costs under protest and filed a Motion to Quash Writ of Execution Nunc Pro Tunc, on the basis that the judgment of non pros could not support a writ of execution. Appellee's Motion was granted on March 6, 1981.

Appellant alleges that she was denied due process of law when the lower court entered its Order quashing her Writ of Execution after an *ex parte* proceeding of which Appellant had no notice until after the said Order was entered. The documents in support of her argument appear only as exhibits to her brief and not as part of the record. Nor does the record contain any other evidence of her assertions. After the appeal was taken to this court, Appellee filed a Motion to Quash this appeal based on Appellant's purported failure to properly preserve her issue on appeal in the court below. Judge MONTGOMERY denied Appellee's motion by Order dated September 30, 1981, without prejudice to Appellee's briefing and arguing the question at the time set for argu-

ment on the merits. It is black letter law that an appellate court cannot consider anything which is not part of the record in the case. *McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 293 A.2d 51 (1972). This includes information located only in a party's brief. *See Dile v. Dile*, 284 Pa.Super. 459, 426 A.2d 137 (1981).

Therefore, since there exists no evidence in the record to support Appellant's allegations, the appeal is dismissed.